Robert M. Tzall
Nevada State Bar No. 13412
The Law Offices of Robert M. Tzall
2551 N. Green Valley Parkway
Building C, Suite 303
Henderson, NV, 89014
Tel: 702-666-0233
office@tzalllegal.com

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEVADA

YEHUDA IZMAGRISTO,

    Plaintiff,

vs.

EXPERIAN INFORMATION SOLUTIONS, INC.,
AMERICAN EXPRESS COMPANY

    Defendant(s).

Docket No. 2:20-cv-1946

**COMPLAINT**

DEMAND FOR JURY TRIAL

## **COMPLAINT**

Plaintiff Yehuda Izmagristo ("Plaintiff"), by and through his attorneys, and as for his Complaint against Defendant Experian Information Solutions, Inc. ("Experian"), and Defendant American Express Company ("Amex"), respectfully sets forth, complains, and alleges, upon information and belief, the following:

## **JURISDICTION AND VENUE**

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1367, as well as 15 U.S.C. § 1681p *et seq*.

2. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2), being that the acts and transactions occurred here, Plaintiff resides here, and the Defendants transact business here.

3. Plaintiff brings this action for damages arising from the Defendants' violations of 15 U.S.C. § 1681 *et seq.*, commonly known as the Fair Credit Reporting Act ("FCRA").

## **PARTIES**

4. Plaintiff is a resident of the State of Nevada, County of Clark, residing at 8945 Waymire Creek CT, Las Vegas, NV, 89147.

5. At all times material hereto, Plaintiff was a "consumer" as said term is defined under 15 U.S.C. § 1681a(c).

6. Defendant Experian Information Solutions, Inc., is a consumer reporting agency as defined by 15 U.S.C. § 1681a(f) and conducts substantial and regular business activities in this judicial district. Defendant Experian is an Ohio corporation registered to do business in the State of Nevada, and may be served with process upon CT Corporation System, its registered agent for service of process at 701 S Carson St, Ste 200, Carson City, NV, 89701.

7. At all times material here to Experian is a consumer reporting agency regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the purpose of furnishing consumer reports, as said term is defined under 15 U.S.C. § 1681a(p) to third parties.

8. At all times material hereto, Experian disbursed such consumer reports to third parties under a contract for monetary compensation.

9. Defendant American Express Company is a person who furnishes information to consumer reporting agencies under 15 U.S.C. § 1681s-2, and may be served with process upon the CT Corporation System, located at 28 Liberty Street, New York, NY, 10005.

## FACTUAL ALLEGATIONS

10. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

### Amex Account Dispute and Violation

11. On information and belief, on a date better known to Defendant Experian, Experian prepared and issued credit reports concerning the Plaintiff that included inaccurate and materially misleading information relating one of his Amex accounts, (account ending in 83153.)

12. The inaccurate information furnished by Defendant Amex and published by Experian is inaccurate since the account has been re-aged to remain as negative tradeline on the Plaintiff's credit report longer than the amount of time legally allowed.

13. Furthermore, the account contains an incorrect date of status.

14. Trade lines have a number of fields which convey a significant amount of information to prospective creditors and which directly affect FICO credit scores.

15. The Date of Status field represents the day a debt is deemed uncollectible and thus charged off. *Toliver v. Experian Info. Solutions, Inc.*, 973 F. Supp. 2d 707, 725 (S.D. Tex. 2013). The Date of Status corresponds to a separate Status segment of the trade line. The Status segment reveals various forms of information concerning the trade line. The Date of Status should remain uniform throughout each credit report disclosing the trade line as this date does not change.

16. Experian has been reporting this inaccurate information through the issuance of false and inaccurate credit information and consumer reports that it has disseminated to various persons and credit grantors, both known and unknown.

17. Plaintiff notified Experian that he disputed the accuracy of the information Experian was reporting on or around April 22, 2020.

18. It is believed and therefore averred that Defendant Experian notified Defendant Amex of the Plaintiff's dispute.

19. Upon receipt of the dispute of the account from Experian, Amex failed to timely conduct a reasonable investigation and continued to report false and inaccurate adverse information on the consumer report of the Plaintiff with respect to the disputed account.

20. Had Amex done a proper investigation it would have been revealed to Amex that account had been improperly aged to remain on the Plaintiff's credit report longer than the legally permissible time.

21. Despite the dispute by the Plaintiff that the information on his consumer report was inaccurate with respect to the disputed account, Experian did not timely evaluate or consider any of the information, claims, or evidence of the Plaintiff and did not timely make an attempt to substantially reasonably verify that the derogatory information concerning the disputed account was inaccurate.

22. Experian violated 15 U.S. Code § 1681i (a)(1)(A) by failing to conduct a reasonable investigation since it failed to delete or correct the disputed trade line within 30 days of receiving Plaintiff's dispute letter.

23. Had Experian done a reasonable investigation of the Plaintiff's dispute, it would have been revealed to Experian that the date of status was improperly changed.

24. Furthermore, Defendant Experian improperly updated the activity status date once again, which falsely made the account appear as a more current liability, thereby directly lowering the directly Plaintiff's credit.

25. Notwithstanding Plaintiff's efforts, Defendants continued to publish and disseminate such inaccurate information to other third parties, persons, entities and credit grantors.

26. As of the date of the filing of this Complaint, Defendant Amex continues to furnish credit data which is inaccurate and materially misleading, and Experian's reporting of the above-referenced trade line continues to be inaccurate and materially misleading.

27. As a result of Defendants' failure to comply with the FCRA, Plaintiff has suffered a decreased credit score due to the inaccurate information on Plaintiff's credit file.

**FIRST CAUSE OF ACTION**
**(Willful Violation of the FCRA as to Experian)**

28. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

29. This is an action for willful violation of the Fair Credit Reporting Act U.S.C. § 1681 *et seq*.

30. Experian violated 15 U.S.C. § 1681e by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files that Experian maintained concerning the Plaintiff.

31. Experian has willfully and recklessly failed to comply with the Act. The failure of Experian to comply with the Act include but are not necessarily limited to the following:

    a) The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

- 5 -

b) The failure to correct erroneous personal information regarding the Plaintiff after a reasonable request by the Plaintiff;

c) The failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by the Plaintiff;

d) The failure to promptly and adequately investigate information which Defendant Experian had notice was inaccurate;

e) The continual placement of inaccurate information into the credit report of the Plaintiff after being advised by the Plaintiff that the information was inaccurate;

f) The failure to note in the credit report that the Plaintiff disputed the accuracy of the information;

g) The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Experian to delete;

h) The failure to take adequate steps to verify information Experian had reason to believe was inaccurate before including it in the credit report of the consumer.

32. As a result of the conduct, action and inaction of Experian, the Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denial.

33. The conduct, action and inaction of Experian was willful rendering Experian liable for actual, statutory and punitive damages in an amount to be determined by a Judge and/or Jury pursuant to 15 U.S.C. § 1681n.

34. The Plaintiff is entitled to recover reasonable costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, Yehuda Izmagristo, an individual, demands judgment in his favor against Defendant, Experian, for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681n.

## SECOND CAUSE OF ACTION
### (Negligent Violation of the FCRA as to Experian)

35. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

36. This is an action for negligent violation of the Fair Credit Reporting Act U.S.C. § 1681 *et seq*.

37. Experian violated 15 U.S.C. § 1681i(a) by failing to delete inaccurate information from the credit file of the Plaintiff after receiving actual notice of such inaccuracies and conducting reinvestigation and by failing to maintain reasonable procedures with which to verify the disputed information in the credit file of the Plaintiff.

38. Experian has negligently failed to comply with the Act. The failure of Experian to comply with the Act include but are not necessarily limited to the following:

   a) The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

   b) The failure to correct erroneous personal information regarding the Plaintiff after a reasonable request by the Plaintiff;

   c) The failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by the Plaintiff;

   d) The failure to promptly and adequately investigate information which Defendant Experian had notice was inaccurate;

e) The continual placement of inaccurate information into the credit report of the Plaintiff after being advised by the Plaintiff that the information was inaccurate;

f) The failure to note in the credit report that the Plaintiff disputed the accuracy of the information;

g) The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Experian to delete;

h) The failure to take adequate steps to verify information Experian had reason to believe was inaccurate before including it in the credit report of the consumer.

39. As a result of the conduct, action and inaction of Experian, the Plaintiff suffered damage by loss of credit, loss of ability to purchase One and benefit from credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denial.

40. The conduct, action and inaction of Experian was negligent, entitling the Plaintiff to damages under 15 U.S.C. § 1681o.

41. The Plaintiff is entitled to recover reasonable costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and 1681o.

WHEREFORE, Plaintiff, Yehuda Izmagristo, an individual, demands judgment in his favor against Defendant, Experian, for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681o.

### THIRD CAUSE OF ACTION
### (Willful Violation of the FCRA as to Amex)

42. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

- 8 -

43. This is an action for willful violation of the Fair Credit Reporting Act U.S.C. § 1681 *et seq*.

44. Pursuant to the Act, all persons who furnished information to reporting agencies must participate in re-investigations conducted by the agencies when consumers dispute the accuracy and completeness of information contained in a consumer credit report.

45. Pursuant to the Act, a furnisher of disputed information is notified by the reporting agency when the agency receives a notice of dispute from a consumer such as the Plaintiff. The furnisher must then conduct a timely investigation of the disputed information and review all relevant information provided by the agency.

46. The results of the investigation must be reported to the agency and, if the investigation reveals that the original information is incomplete or inaccurate, the information from a furnisher such as the one listed above must report the results to other agencies which were supplied such information.

47. The Defendant Amex violated 15 U.S.C. § 1681s-2(a) by the publishing of the Account Liability Representation; by failing to fully and improperly investigate the dispute of the Plaintiff with respect to the Account Liability Representation; by failing to review all relevant information regarding same by failing to correctly report results of an accurate investigation to the credit reporting agencies.

48. Specifically, the Defendant Amex continued to report this account on the Plaintiff's credit report after being notified of his dispute regarding the inaccurate and materially misleading account information.

49. Had Amex done a reasonable investigation they would have seen that this account was to remain improperly re-aged to remain on the Plaintiff's account longer than legally allowable.

- 9 -

50. As a result of the conduct, action and inaction of the Defendant Amex, the Plaintiff suffered damage for the loss of credit, loss of the ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denials.

51. The conduct, action and inaction of Defendant Amex was willful, rendering Defendant Amex liable for actual, statutory and punitive damages in an amount to be determined by a jury pursuant to 15 U.S.C. § 1681n.

52. The Plaintiff is entitled to recover reasonable costs and attorney's fees from Defendant Amex in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, Yehuda Izmagristo, an individual, demands judgment in his favor against Defendant, Amex, for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681n.

### FOURTH CAUSE OF ACTION
**(Negligent Violation of the FCRA as to Amex)**

53. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

54. This is an action for negligent violation of the Fair Credit Reporting Act U.S.C. § 1681 *et seq*.

55. Pursuant to the Act, all persons who furnished information to reporting agencies must participate in re-investigations conducted by the agencies when consumers dispute the accuracy and completeness of information contained in a consumer credit report.

56. Pursuant to the Act, a furnisher of disputed information is notified by the reporting agency when the agency receives a notice of dispute from a consumer such as the Plaintiff. The

furnisher must then conduct a timely investigation of the disputed information and review all relevant information provided by the agency.

57. The results of the investigation must be reported to the agency and, if the investigation reveals that the original information is incomplete or inaccurate, the information from a furnisher such as the above-named Defendant must report the results to other agencies which were supplied such information.

58. Defendant Amex is liable to the Plaintiff for failing to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C. § 1681s-2b.

59. After receiving the Dispute Notice from Experian, Defendant Amex negligently failed to conduct its reinvestigation in good faith.

60. A reasonable investigation would require a furnisher such as Defendant Amex to consider and evaluate a specific dispute by the consumer, along with all other facts, evidence and materials provided by the agency to the furnisher.

61. Had Amex done a reasonable investigation they would have seen that this account was to remain improperly re-aged to remain on the Plaintiff's account longer than legally allowable.

62. The conduct, action and inaction of Defendant Amex was negligent, entitling the Plaintiff to recover actual damages under 15 U.S.C. § 1681o.

63. As a result of the conduct, action and inaction of the Defendant Amex, the Plaintiff suffered damage for the loss of credit, loss of the ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denials.

- 11 -

64. The Plaintiff is entitled to recover reasonable costs and attorney's fees from the Defendant Amex in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and 1681o.

WHEREFORE, Plaintiff, Yehuda Izmagristo, an individual, demands judgment in his favor against Defendant, Amex, for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681o.

## **DEMAND FOR TRIAL BY JURY**

65. Plaintiff demands and hereby respectfully requests a trial by jury for all claims and issues this complaint to which Plaintiff is or may be entitled to a jury trial.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff demands judgment from each Defendant as follows:

a) For actual damages provided and pursuant to 15 U.S.C. § 1681o(a) be awarded for each negligent violation as alleged herein;

b) For actual damages provided and pursuant to 15 U.S.C. § 1640(a)(1);

c) For Statutory damages provided and pursuant to 15 U.S.C. § 1681n(a);

d) For Statutory damages provided and pursuant to 15 U.S.C. § 1640(a)(2);

e) For Punitive damages provided and pursuant to 15 U.S.C. § 1681n(a)(2);

f) For attorney fees and costs provided and pursuant to 15 U.S.C. § 1681n(a)(3), 15 U.S.C. § 1681o(a)(2) and 15 U.S.C. § 1640(a)(3);

  g) For any such other and further relief, as well as further costs, expenses and disbursements of this action as this Court may deem just and proper.

DATED, this 20 day of October, 2020

                /s/Robert M. Tzall
                Robert M. Tzall
                **The Law Offices of Robert M. Tzall**
                *Attorney for Plaintiff*